IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2021 Term
_____

No. 19-1007
_____

FILED
**June 11, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

DIANA BOONE,
Plaintiff Below, Petitioner

v.

ACTIVATE HEALTHCARE, LLC,
Defendant Below, Respondent

_____

Appeal from the Circuit Court of Jackson County
The Honorable Lora Dyer, Judge
Civil Action No. 18-C-96

AFFIRMED

_____

Submitted: March 2, 2021
Filed: June 11, 2021

Walt Auvil, Esq.
Kirk Auvil, Esq.
The Employment Law Center, PLLC
Parkersburg, West Virginia
Counsel for Petitioner

David A. Sims, Esq.
LAW OFFICES OF DAVID A. SIMS, PLLC
Vienna, West Virginia
Counsel for Amici Curiae West Virginia
Employment Lawyers Association and
West Virginia Association for Justice

J. David Fenwick, Esq.
Stephanie H. Daly, Esq.
GOODWIN & GOODWIN, LLP
Charleston, West Virginia
Counsel for Respondent

JUSTICE WALKER delivered the Opinion of the Court.

JUSTICE HUTCHISON and JUSTICE WOOTON dissent and reserve the right to file separate opinions.

SYLLABUS BY THE COURT

1.  "'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.'  Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995)."  Syllabus Point 1, *Barber v. Camden Clark Mem'l Hosp. Corp.*, 240 W. Va. 663, 815 S.E.2d 474 (2018).

2.  "'The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)."  Syllabus Point 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977).

3.  One may be held liable for aiding and abetting a violation of the West Virginia Human Rights Act, W. Va. Code §§ 5-11-1 to -20, if he or she knows that another person's conduct constitutes a violation of the act and gives substantial assistance or encouragement to the other's conduct.

WALKER, Justice:

In 2018, Petitioner Diana Boone was working in the casting department at Constellium Rolled Products Ravenswood, LLC (Constellium) and requested a change in her work duties to accommodate a medical condition. As part of that process, she was directed to Activate Healthcare, LLC (Activate), Constellium's on-site medical provider, for a Physical Capacity Report (PCR). During a series of interactions with Ms. Boone, Activate issued more than one PCR. Eventually, Constellium terminated Ms. Boone's employment based on one of the PCRs. Ms. Boone returned to work a few weeks later in a different department at Constellium. She filed a grievance seeking lost wages for her break in employment, but that grievance was denied. So, she sued Constellium, Activate, and others alleging retaliation and discrimination in violation of the West Virginia Human Rights Act (WVHRA).[1]

In this appeal, we consider the sole issue of whether the Circuit Court of Jackson County erred in dismissing Ms. Boone's claims against Activate under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. While this Court has recognized that the WVHRA "shall be liberally construed to accomplish its objectives and

---

[1] W. Va. Code §§ 5-11-1 to -20.

1

purposes[,]"[2] we agree with the circuit court that Ms. Boone's factual allegations against Activate were insufficient to establish a claim of aiding and abetting under the WVHRA.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Ms. Boone was employed by Constellium, an aluminum manufacturer in Ravenswood, West Virginia, that produces sheet and coil aluminum for aerospace, transportation, defense, marine, and industrial uses. Constellium maintained an on-site medical facility for its employees. Activate operated that facility and was responsible for preparing PCRs for employees seeking worksite accommodations for disabilities or other medical issues, among other things. Ms. Boone contends here, as she did below, that Activate failed to prepare an accurate PCR for her, and in so doing, aided and abetted Constellium in its decision to wrongfully terminate her employment in violation of the WVHRA. Ms. Boone alleged the following facts in support of this argument.

In 2017, Ms. Boone was working in Constellium's casting department. As part of her work, Ms. Boone was required to operate an overhead crane, suspended from a warehouse ceiling, to move manufactured aluminum products. In the spring of 2018, two supervisors informed Ms. Boone that she was required to begin training to operate the overhead crane. She refused, referencing a prior negative experience she had while

---

[2] *Conrad v. ARA Szabo*, 198 W. Va. 362, 376, 480 S.E.2d 801, 815 (1996) (citing W. Va. Code § 5-11-15).

operating the crane. She then obtained a temporary PCR excusing her from operating the crane for a short time. Later, a supervisor asked whether Ms. Boone intended to seek a permanent PCR, and she replied in the affirmative.

On June 25, 2018, Ms. Boone went to Activate to obtain the permanent PCR. She presented a note from her personal physician that diagnosed her with acrophobia—a fear of heights—and restricted her from "training in high positions[.]" Activate did not take the physician's note, but issued two successive PCRs restricting Ms. Boone from working at specified heights.[3] Upon reviewing these PCRs, Sherry Gordon, who worked in human resources, informed Ms. Boone that Constellium could not accommodate her and had no work for her, as all of its positions required employees to be able to work at a certain height.[4] She then sent Ms. Boone home. Later that day, Kevin Gaul, of the United Steelworkers union, emailed Ms. Gordon, asking why Constellium denied Ms. Boone's accommodation request. In response, Ms. Gordon explained that the PCRs imposed height restrictions that Constellium could not accommodate, so Ms. Boone "would not be able to perform her job, thus she disqualified herself from her job[.]"

---

[3] The first PCR restricted Ms. Boone from working at heights in excess of six feet, the second restricted her from working at heights in excess of ten feet.

[4] Our review of the record does not reveal what that height is, but, considering the restrictions in the PCRs issued to Ms. Boone, it must presumably be above ten feet.

The following day, on June 26, 2018, Ms. Boone and Mr. Gaul requested a new PCR from Activate that only restricted Ms. Boone from operating the overhead crane. One of Activate's physician assistants issued the requested PCR. From the record, it appears neither Ms. Boone nor Mr. Gaul had any contact with Constellium's human resources department on June 26.

On June 27, 2018, union representatives met with Constellium CEO Lloyd Stemple and Human Resources Director Joe Martucci to discuss Ms. Boone's return to work. In the meeting, the union representatives presented the most recent PCR restricting Ms. Boone only from operating the overhead crane and asked that Constellium grant Ms. Boone's requested accommodation. Mr. Stemple and Mr. Martucci declined to do so, informing the union representatives that two other employees with more seniority than Ms. Boone were already receiving accommodations in the casting department.[5] But, Mr. Stemple and Mr. Martucci agreed to transfer Ms. Boone from the casting department to the finishing department. Pursuant to this agreement, Ms. Boone returned to work in the finishing department eighteen days later on July 13, 2018.

Upon her return to work, Ms. Boone filed a grievance seeking lost wages for the time between her removal from the casting department and her resuming work in the

---

[5] Though the parties do not specify the date on which Ms. Boone was terminated, we infer, without deciding, that Constellium's refusal to accommodate her disability in the June 27 meeting constituted an effective termination of her position in the casting department.

finishing department. Constellium denied the grievance on August 30, 2018, noting that "[t]he employee was unable to perform all of the duties associated with her position and the company was (and continues to) accommodate two employees senior to her in the department. Since she was unable to work there is no contractual obligation to pay for duties not performed."

On October 29, 2018, Ms. Boone sued Constellium, Activate (first erroneously named USIMC of West Virginia), and others, in the Circuit Court of Jackson County alleging discrimination and retaliation in violation of the WVHRA.[6] Ms. Boone's single cause of action against Activate alleged that "Activate Healthcare aided and abetted [Constellium's] refusal to accommodate [Ms. Boone's] disabilities as described herein above by refusing to review [Ms. Boone's] medical documentation and by repeatedly issuing erroneous 'PCRs' without interacting with Ms. Boone regarding her actual accommodation request."

Activate moved to dismiss Ms. Boone's claim under Rule 12(b)(6), arguing that the complaint failed to state a claim upon which relief could be granted. Following a hearing, the circuit court granted the motion to dismiss on September 30, 2019, finding that Ms. Boone failed to plead a claim of aiding and abetting as to Activate that could survive

---

[6] Ms. Boone filed the First Amended Complaint on March 12, 2019, renaming USIMC of West Virginia to Activate. All references in this opinion to Ms. Boone's complaint against Activate are to the First Amended Complaint.

dismissal under Rule 12(b)(6). Specifically, the circuit court found that Ms. Boone's complaint failed to allege that "Activate had any involvement in Constellium's decision regarding [her] employment, which occurred after Activate provided [Ms. Boone] her desired medical restriction." The circuit court also found that Ms. Boone's claim was a medical negligence claim governed by the West Virginia Medical Professional Liability Act (MPLA)[7] and that Ms. Boone had failed to allege facts to establish such a claim. Ms. Boone now appeals the circuit court's order granting the motion to dismiss.

## II. STANDARD OF REVIEW

This Court has held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."[8] Further, we have held that, "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."[9] Finally, we have noted that

---

[7] W. Va. Code §§ 55-7B-1 to -12.

[8] Syl. Pt. 1, *Barber v. Camden Clark Mem'l Hosp. Corp.*, 240 W. Va. 663, 815 S.E.2d 474 (2018) (citing Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995)).

[9] Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

courts must construe "the factual allegations in the light most favorable to the plaintiff."[10]

With these standards on mind, we proceed to address the arguments on appeal.

## III. ANALYSIS

Ms. Boone first argues that the circuit court applied an incorrect standard of review in evaluating Activate's motion to dismiss. Ms. Boone also asserts that she properly alleged that Activate aided and abetted Constellium in wrongfully terminating her employment in violation of the WVHRA.[11]

### A. *Rule 12(b)(6) Standard of Review*

Ms. Boone first asserts that the circuit court applied an incorrect standard of review in granting Activate's motion to dismiss because its dismissal order bears no evidence that it applied the proper standard. Activate counters that it argued the appropriate standard of review before the circuit court and that the order clearly demonstrates that the appropriate standard was used. We agree with Activate.

We readily dispose of Ms. Boone's argument on this point because the circuit court's order clearly states the standard of review it used. In relevant part, the order states:

---

[10] *Murphy v. Smallridge*, 196 W. Va. 35, 36, 468 S.E.2d 167, 168 (1996).

[11] Ms. Boone also states that the circuit court erred in finding that the MPLA applied to her claim against Activate. But we need not address this argument because the circuit court correctly determined that Ms. Boone failed to sufficiently plead a claim of aiding and abetting under the WVHRA that could withstand a motion to dismiss under Rule 12(b)(6).

7

Dismissal of a civil action pursuant to Rule 12(b)(6) is proper where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co.,* 160 W. Va. 530, 236 S.E.2d 207 (1977). The Court must construe "the factual allegations in the light most favorable to the plaintiff." *Murphy v. Smallridge,* 196 W. Va. 35, 36, 468 S.E.2d 167, 168 (1996) (citing *SER McGraw v. Scott Runyan Pontiac-Buick,* 194 W. Va. 770, 775-76, 461 S.E.2d 516, 521-22 (1995)).

Undeniably, the circuit court identified the correct standard of review. As evidenced by our own citation to this standard above, this Court has long held that "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."[12] The circuit court's language is drawn directly from that holding. Beyond that, we have also long acknowledged that in analyzing a complaint subject to a motion to dismiss under Rule 12(b)(6) the reviewing court is to construe the facts in the light most favorable to the plaintiff.[13] As such, Ms. Boone's first assignment of error fails.[14]

---

[12] Syl. Pt. 3, *Chapman*, 160 W. Va. at 530, 236 S.E.2d at 207; *see also* Syl. Pt. 2, *Mountaineer Fire & Rescue Equipment, LLC v. City National Bank of West Virginia —* W. Va. —, 854 S.E.2d 870 (2020).

[13] *Smallridge,* 196 W. Va. at 36, 468 S.E.2d at 168 (citing *Scott Runyan Pontiac-Buick,* 194 W. Va. at 775-76, 461 S.E.2d at 521-22).

[14] While Ms. Boone believes the circuit court applied a heightened pleading standard to her complaint, there is no evidence that the circuit court did so. As we explained fully in *Mountaineer Fire*, West Virginia is a notice pleading state. — W. Va. at — n. 4, 854

## B.    *Sufficiency of the Complaint*

Next, Ms. Boone contends that her complaint sufficiently set out her aiding and abetting claim under the WVHRA against Activate, so the circuit court erred in granting Activate's motion to dismiss.  Activate responds that the circuit court correctly found that the complaint "does not allege Activate had any involvement in Constellium's decision regarding [Ms. Boone's] employment, which occurred after Activate provided [Ms. Boone] her desired medical restriction."  We agree with Activate.

As noted above, we recently summarized our Rule 12(b)(6) jurisprudence in *Mountaineer Fire*.  In that case, we discussed how a pleading may survive a motion to dismiss, and stated:

> In light of the purpose behind the Rules of Civil Procedure, this Court has steadfastly held that, to survive a motion under Rule 12(b)(6), a pleading need only outline the alleged occurrence which (if later proven to be a recognized legal or equitable claim), would justify some form of relief. "The complaint must set forth enough information to outline the elements of a claim or permit inferences to be drawn that these elements exist." *Fass v. Nowsco Well Serv., Ltd.*, 177 W. Va. 50, 52, 350 S.E.2d 562, 563 (1986).  "[A] complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. at 776, 461 S.E.2d at 522.[15]

---

S.E.2d at 883 n. 4.  *See also Goldstein v. Peacemaker Properties, LLC*, 241 W. Va. 720, 730, 828 S.E.2d 276, 286 (2019) ("West Virginia remains a notice-pleading state.").

[15] *Mountaineer Fire*, — W. Va. at —, 854 S.E.2d at 883-84 (internal footnote omitted).

9

We have also stated in *Williamson v. Harden*[16] that

> despite the allowance in Rule 8(a) [of the West Virginia Rules of Civil Procedure] that the plaintiff's statement of the claim be "short and plain," a plaintiff may not "fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint [,]" see *Chaveriat v. Williams Pipe Line Co*., 11 F.3d 1420, 1430 (7th Cir.1993), or where the claim is not authorized by the laws of West Virginia. A motion to dismiss under Rule 12(b)(6) enables a circuit court to weed out unfounded suits.[17]

Turning to Ms. Boone's complaint, she alleged that Constellium wrongfully terminated her employment in violation of the WVHRA, and that Activate aided and abetted Constellium's actions. Under the WVHRA, it is unlawful "[f]or any employer to discriminate against an individual with respect to . . . tenure, terms, conditions or privileges of employment[.]"[18] And under the WVHRA, "[t]he term 'discriminate' or 'discrimination' means to exclude from, or fail or refuse to extend to, a person equal opportunities because of race, religion, color, national origin, ancestry, sex, age, blindness, disability or familial status and includes to separate or segregate[.]"[19]

---

[16] 214 W. Va. 77, 585 S.E.2d 369 (2003).

[17] *Id*. at 79, 585 S.E.2d at 371 (quoting *Scott Runyan Pontiac-Buick*, 194 W. Va. at 776, 461 S.E.2d 522).

[18] W. Va. Code § 5-11-9(1).

[19] W. Va. Code § 5-11-3(h).

Under West Virginia Code § 5-11-9(7), it is also a violation of the WVHRA to aid or abet another's unlawful discriminatory practices. Specifically, that section provides that it shall be unlawful discriminatory practice

> (7) For any person, employer, employment agency, labor organization, owner, real estate broker, real estate salesman or financial institution to:

> (A) Engage in any form of threats or reprisal, or to engage in, or hire, or conspire with others to commit acts or activities of any nature, the purpose of which is to harass, degrade, embarrass or cause physical harm or economic loss *or to aid, abet, incite, compel or coerce any person to engage in any of the unlawful discriminatory practices defined in this section*[.][20]

So, to state a claim under § 5-11-9(7), Ms. Boone must allege that Constellium committed acts prohibited under the WVHRA and that Activate aided and abetted the commission of those acts.[21] We take care to note that the WVHRA does not define the terms "aid" and abet," nor have we had the opportunity to determine what constitutes "aiding and abetting" within the context of the WVHRA. But recently, the

---

[20] W. Va. Code § 5-11-9(7) (emphasis added).

[21] *See Matthews v. Eichorn Motors, Inc.*, 800 N.W.2d 823, 830 (Minn. Ct. App. 2011) (explaining that "a viable discrimination claim is a prerequisite to a claim of aiding and abetting discrimination" under a similar provision in the Minnesota Human Rights Act); *see also Johnson v. BE & K Constr. Co., LLC*, 718 F. Supp. 2d 988, 1009 (S.D. Iowa 2010) (holding that the plaintiff's aiding-and-abetting claim under the Iowa Civil Rights Act failed "because the Court ha[d] found no [underlying] unfair or discriminatory practice" by the employer); *Strauss v. N.Y. State Dep't of Educ.*, 26 A.D.3d 67, 73 (2005) ("Where no violation of the [New York] Human Rights Law by another party has been established, we find that an individual employee cannot be held liable for aiding or abetting such a violation.").

United States District Court for the Northern District of West Virginia addressed this precise question.[22] That court found that other state and federal courts addressing the applicable legal standard for aiding and abetting claims under statutory schemes similar to the WVHRA applied the standard set forth § 876(b) of the Restatement (Second) of Torts.[23] The court also noted that this Court adopted the language of § 876(b) for other civil causes of action in *Courtney v. Courtney*,[24] where we held that "[f]or harm resulting to a third person from the tortious conduct of another, one is subject to liability if he knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." The district court concluded that this Court would be likely to apply the same standard to aiding and abetting claims under the WVHRA. We agree with this conclusion.

Other state courts have adopted the Restatement (Second) of Torts § 876(b) when interpreting similar aiding-and-abetting provisions in their anti-discrimination statutes.[25] We now join them and hold that one may be held liable for aiding and abetting

---

[22] *Larry v. Marion Cnty. Coal Co.*, 302 F. Supp. 3d 763 (N.D. W. Va. 2018).

[23] *Id*. at 777.

[24] 186 W. Va. 597, 413 S.E.2d 418 (1991), syl. pt. 5.

[25] *See e.g., Matthews v. Eichorn Motors, Inc.,* 800 N.W.2d at 828-29; *Ellison v. Plumbers & Steam Fitters Union Local 375,* 118 P.3d 1070, 1077 (Alaska 2005) (applying Restatement (Second) of Torts when construing a provision that it is "unlawful for a person to aid, abet, incite, compel, or coerce the doing of a[n unlawful discriminatory] act" (quotation omitted)); *Tarr v. Ciasulli,* 853 A.2d 921, 928-29 (N.J. 2004) (applying Restatement (Second) of Torts when construing a provision that it is unlawful for any person "to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" under

a violation of the West Virginia Human Rights Act, W. Va. Code §§ 5-11-1 to -20, if he or she knows that another person's conduct constitutes a violation of the act and gives substantial assistance or encouragement to the other's conduct.

So, in order to establish an aiding and abetting claim under the WVHRA, Ms. Boone was required to plead facts that could be construed to show that Activate knew Constellium intended to wrongfully terminate her, and that Activate gave substantial assistance or encouragement to Constellium's actions. As the circuit court recognized, Ms. Boone did not plead facts that, if proven true, establish either of those elements.

Ms. Boone alleged that Activate "aided and abetted [Constellium's] refusal to accommodate [Ms. Boone's] disabilities as described [. . .] by refusing to review [her] medical documentation and by repeatedly issuing erroneous 'PCRs' without interacting with [her] regarding her actual accommodation request." The facts alleged in the First Amended Complaint, set out more fully above, establish that Activate issued its first PCR restricting Ms. Boone from working at heights in excess of six feet on June 25, 2018. The same day, after Ms. Boone complained the first PCR was inaccurate, Activate issued a second PCR restricting her from working at heights in excess of ten feet. At this point,

the New Jersey Law Against Discrimination (quotation omitted)); *Fiol v. Doellstedt,* 58 Cal.Rptr.2d 308, 312–13 (1996) (applying common-law standard, as reflected in Restatement (Second) of Torts, when construing a provision that it is an unlawful employment practice "[f]or any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden" by the Fair Employment and Housing Act (quotation omitted)).

13

Constellium's human resources representative sent Ms. Boone home. The next day, June 26, 2018, Ms. Boone and her union representative obtained a final PCR from Activate that restricted Ms. Boone only from working in the overhead crane. Ms. Boone agrees that this PCR was accurate. On June 27, 2018, Ms. Boone's union representatives attended a meeting with Constellium's CEO and its human resources director, during which Constellium officially declined to accommodate Ms. Boone, instead agreeing to move her to a different department. At the time of the meeting, Constellium had been provided with the accurate PCR restricting Ms. Boone only from working in the overhead crane.

Read plainly, these facts do not establish the elements of an aiding and abetting claim under the WVHRA as they fail to demonstrate that Activate knew Constellium intended to terminate Ms. Boone in violation of the WVHRA or that Activate took some step to assist Constellium in that goal. Rather, these facts only show that, while Activate initially issued two allegedly inaccurate PCRs, it ultimately provided an accurate PCR *before* the decision was made to terminate Ms. Boone's employment. So, Ms. Boone has not alleged facts that, if proven, could lead to a conclusion that Activate knew of or had any hand in Constellium's decision to terminate her employment, or otherwise gave substantial assistance or encouragement to Constellium's alleged prohibited conduct under the WVHRA.

Stated succinctly, Ms. Boone does not allege that Activate knew Constellium wished to terminate her in violation of the WVHRA (if it did so wish), or that Constellium

14

even knew issuing a PCR restricting Ms. Boone's working height to a certain number of feet would lead to her termination. And, as alleged, the facts demonstrate that Activate issued an accurate PCR restricting Ms. Boone only from working in the overhead crane *before* Constellium made the official decision to terminate her employment in the casting department.[26] Nothing in the complaint can be construed to establish the elements of an aiding and abetting claim, so dismissal of that claim under Rule 12(b)(6) was proper. So, we affirm the circuit court's order dismissing Ms. Boone's aiding and abetting claim under the WVHRA against Activate.

## IV. CONCLUSION

For the foregoing reasons, we affirm the Circuit Court of Jackson County's September 30, 2019, Order Granting Motion to Dismiss Activate Healthcare, LLC.

Affirmed.

---

[26] Even assuming Ms. Boone's employment was terminated prior to Activate's issuance of the corrected PCR on June 26, Ms. Boone still failed to properly plead an aiding and abetting claim because she did not plead facts which allege or lead to the inference that Activate knew Constellium intended to wrongfully terminate her employment in violation of the WVHRA.

15